UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMRAMP, LLC, | ) | FILED: AUGUST 14, 2008 |
|  | ) | 08CV4634 |
| PLAINTIFF, | ) | JUDGE LEINENWEBER |
|  | ) | MAGISTRATE JUDGE COX |
|  | ) Civil Action No. _____ |  |
| v. | ) | TC |
|  | ) |  |
| CLEARY VENTURES, INC AND | ) |  |
| MICHAEL CLEARY, | ) |  |
|  | ) |  |
| DEFENDANTS. | ) |  |
|  | ) |  |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff AMRAMP, LLC ("AMRAMP") alleges for its Complaint for Breach of Contract

against defendants Cleary Ventures, Inc. ("Cleary Ventures") and Michael Cleary as follows:

## NATURE OF THE ACTION

1.      This action is brought to the enforce the terms of a franchise agreement between

AMRAMP and Cleary Ventures dated January 24, 2005 ("Agreement") and a Confidentiality

and Non-Competition Agreement between AMRAMP and Cleary dated January 24, 2005 ("Non-

Compete Agreement").

## PARTIES

2.      Plaintiff AMRAMP, LLC ("AMRAMP'") is a Delaware limited liability company

with its principal place of business in South Boston, Massachusetts.

3.      Upon information and belief, defendant Cleary Ventures, Inc. ("Cleary Ventures")

is an Illinois for-profit corporation with a principal place of business in Naperville, Illinois.

11116431.1

- 2 -

4.      Upon information and belief, defendant Michael Cleary is a natural person and citizen of the State of Illinois.  Upon information and belief, Cleary is the owner, either directly or through a corporate entity he controls, of Cleary Ventures.

## JURISDICTION AND VENUE

5.      Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The amount in dispute is greater than $75,000.

6.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to AMRAMP's claims occurred and continue to occur in this judicial district.  Specifically, defendants are improperly competing with AMRAMP in violation of the Agreement in Illinois.

## FACTS

7.      AMRAMP and Cleary Ventures and Cleary are parties to the Agreement.

8.      AMRAMP and Cleary are parties to the Non-Compete Agreement.

9.      Pursuant to the Agreement, AMRAMP conveyed to Cleary Ventures and Cleary certain valuable confidential and proprietary information.

10.     The Agreement and Non-compete Agreement provide, among other things, that Cleary Ventures and Cleary will not, during the term of the Agreement and for a period of two years following termination of the Agreement, "directly or indirectly, for yourself, or through, on behalf of, or in conjunction with any person or legal entity, own, maintain, operate, engage in, be employed by, provide assistance to, or have any interest in (as owner or otherwise) any Competitive Business that is, or intended to be operated within your Territory; 100 miles from the Location; or 50 miles of the location of any other AMERICAN RAMP SYSTEMS business in operation or under construction."

11116431.1

- 3 -

11.    AMRAMP terminated the Agreement on March 11, 2008, based on, among other things, defendants' operation of a prohibited competitive business in violation of the Agreement and failure to make timely payments of amounts due pursuant to the Agreement.

12.    Defendants have continued to operate a prohibited competitive business following termination of the Agreement.

## COUNT I
## BREACH OF CONTRACT

13.    AMRAMP repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 12 of the Complaint.

14.    Pursuant to the Agreement, defendants are obligated not to operate a competing business for a period of two (2) years following termination of the Agreement within their Territory; 100 miles from their Location; or 50 miles of the location of any other AMERICAN RAMP SYSTEMS business in operation or under construction.

15.    Enforcement of the Agreement and Non-Compete Agreement are necessary and appropriate to protect AMRAMP's confidential information and customer good will.

16.    Despite their obligation not to do so, defendants are operating a competitive business in violation of the Agreement.

**WHEREFORE**, AMRAMP demands judgment against defendants, jointly and severally:

a.    Temporarily, preliminarily and permanently restraining and enjoining Cleary Ventures, Inc. and Michael Cleary, their affiliates, subsidiaries, officers, agents, servants, employees and attorneys, and all those who act in concert or participation with them, from offering, selling, renting or manufacturing ramps used for wheelchairs and motorized scooters for persons with disabilities within Cleary Ventures' franchise territory as defined in the

11116431.1

- 4 -

Agreement, 100 miles of such territory, or 50 miles of any other AMRAMP franchisee's territory; and

      b.    Granting compensatory damages, attorneys' fees, prejudgment interest, cost of suit, and such other and further relief as this Court shall deem just and proper.


AMRAMP, LLC

By its attorney,


      /s/Jodi Rosen Wine
Jodi Rosen Wine
NIXON PEABODY LLP
161 N. Clark Street, 48th Floor
Chicago, IL, 60601-3213
Tel:  (312) 425-3900
Fax:  (312) 425-3909
Dated:  August 14, 2008      E-mail: jwine@nixonpeabody.com

11116431.1