UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| AMRAMP, LLC, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 08 CV 4634 <br> v. ) <br> ) Judge Harry D. Leinenweber <br> CLEARY VENTURES, INC and ) <br> MICHAEL CLEARY, ) Magistrate Judge Susan E. Cox <br> ) <br> Defendants. ) |  |

### [PROPOSED] CONSENT DECREE

This is a Consent Decree (the "Consent Decree") entered by the Court at the request of Plaintiff AMRAMP, LLC ("AMRAMP") and Defendants Cleary Ventures, Inc. and Michael Cleary (collectively, "Cleary"; AMRAMP and Cleary are collectively referred to herein as the "Parties"), to settle this and other disputes between and among the Parties.

WHEREAS, on or about January 24, 2005, AMRAMP and Cleary Ventures entered into a written agreement pursuant to which Cleary Ventures became an AMRAMP franchisee for an area located southwest of Chicago, Illinois for a period of ten years (the "Franchise Agreement");

WHEREAS, pursuant to the terms of the Franchise Agreement, Cleary Ventures paid AMRAMP the sum of $252,725 for the AMRAMP franchise;

WHEREAS, on or about January 24, 2005, Cleary executed a Confidentiality and Non-Competition Agreement;

11038924.7

- 2 -

WHEREAS, as a condition of the Franchise Agreement and the Confidentiality and Non-Competition Agreement, Cleary Ventures and Cleary agreed that during the term of the Franchise Agreement and for a period two years following the termination of the Franchise Agreement not to engage in a business that is competitive with AMRAMP (the "Non-Compete");

WHEREAS, AMRAMP terminated the Agreement on March 10, 2008, claiming that Cleary breached certain provisions of the Franchise Agreement;

WHEREAS, Cleary denied that they breached the Franchise Agreement, among other things, that AMRAMP breached the Franchise Agreement and had no basis to terminate Cleary Ventures as a franchisee;

WHEREAS, on August 14, 2008, AMRAMP filed the above-captioned lawsuit (the "Lawsuit"), wherein it alleges that Cleary breached the Franchise Agreement and the Non-Compete;

WHEREAS, Cleary denies the allegations in the Lawsuit and has threatened claims against AMRAMP for, among other things, breach of the Franchise Agreement ;

WHEREAS, AMRAMP denies that it breached the Franchise Agreement or is otherwise liable to Cleary;

WHEREAS, AMRAMP claims that it has certain confidential, proprietary and trade secret information (collectively, "Confidential Information");

WHEREAS, the Parties have agreed to resolve all disputes between them to date, including those matters raised in the Lawsuit, pursuant to a Settlement Agreement, dated as of July 15, 2008 ~~July 1, 2008~~ (the "Settlement Agreement"), and entry of this Consent Decree.

11038924.7

- 3 -

## FINDINGS

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

This Court has jurisdiction over this case and personal jurisdiction over the Parties for the purposes of the entry of this Consent Decree and the enforcement of this Consent Decree and the Settlement Agreement;

The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable, and just;

This is a good faith settlement of the disputes raised by the pleadings in this action;

Except as set forth in this Consent Decree and the Settlement Agreement, this Consent Decree and the Settlement Agreement fully and completely resolves all claims as between AMRAMP and Cleary;

The rights of the Parties and the interests of the public are adequately protected by this Consent Decree; and

This Consent Decree complies with the Federal Rules of Civil Procedure and Illinois law, and is not in derogation of the rights and privileges of any person.

NOW THEREFORE, this matter having been brought before the Court pursuant to the Joint Motion of plaintiff AMRAMP, LLC and Defendants Cleary Ventures, Inc. and Michael Cleary, IT IS HEREBY ORDERED THAT, EFFECTIVE IMMEDIATELY:

1. The terms of the Settlement Agreement are specifically incorporated into this Consent Decree and a breach of any material term of the Settlement Agreement shall be considered a violation of this Consent Decree.

11038924.7

- 4 -

2.  The Parties expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent that it requires this Order to describe the acts to be restrained without reference to the Settlement Agreement.

3.  The Court shall retain jurisdiction over the Parties and over this action for the purpose of interpreting and enforcing the provisions of this Consent Decree and the Settlement Agreement.

4.  The Parties agree that this Consent Decree will not operate as an adjudication on the merits of any of the issues raised in this case for any purpose other than with respect to the Parties' claims against each other in this case.

5.  Cleary Ventures, Inc. and Michael Cleary shall not directly or indirectly, for itself or himself, or through, on behalf of, or in conjunction with any person or legal entity, own, maintain, operate, engage in, be employed by, provide assistance to, or have any interest in (as owner or otherwise) any business that offers, sells, rents or manufactures ramps used for wheelchairs and motorized scooters for persons with disabilities within the Illinois counties of DeKalb, DuPage, Kane, Lake, McHenry, Cook, Gundy, Kankakee, Kendall and Will, the Indiana counties of Lake and Porter, 100 miles of such counties or 50 miles of any other AMRAMP franchisee's territory.

6.  This Consent Decree shall expire on March 10, 2010.

7.  Except as necessary to enforce the terms of this Consent Decree, this case is hereby dismissed with prejudice, each party to bear its own attorney's fees and costs.

Dated: 8/27/2008

_____
Judge of the United States District Court
Northern District of Illinois

11038924.7